KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MARK L. KROTOSKI (CSBN 138549)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5035
   FAX: (408) 535-5081

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 5/11/06*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00054-RMW |
|    Plaintiff, | ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| JOSE SOLER,<br>   a/k/a antboogie,<br>   a/k/a Jas125,<br>      Defendants. | |

On May 8, 2006, the above-captioned case came on for a status conference hearing. Defendant Jose Soler, who was present, was represented by defense attorney N.A. Christensen, JR., who was present. The United States was represented by Assistant U.S. Attorney Mark L. Krotoski.

Defense counsel Christensen requested a substitution of counsel, for another attorney would could address the computer-related issues in the case. Defense counsel Carleen R. Arlidge, who was present, accepted substitution as counsel for defendant Soler, and was substituted by the Court. Defense counsel Christensen represented on the record that he provided the discovery in court to defense counsel Arlidge.

ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 06-00054 RMW

1  At the hearing, the Court set a status conference for June 12, 2006 at 9:00 a.m..

2  The parties agreed and the Court independently found that time should be excluded under the
3  Speedy Trial Act from May 8, 2006 until June 12, 2006, for substitution of counsel, and to allow
4  counsel time to prepare, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv) (reasonable
5  time necessary for effective preparation taking into account the exercise of due diligence and
6  continuity of counsel).

7  Specifically, the ends of justice served by the granting of the continuance outweigh the best
8  interests of the public and the defendant in a speedy trial, after considering the relevant factors:

9  (i)  The failure to grant such a continuance in the proceeding would be likely to result in a
10      miscarriage of justice since new defense counsel needs reasonable time to prepare and
11      pursue other investigation, particularly given the discovery provided (including a
12      voluminous amount of digital evidence);
13 (ii)  The failure to grant such a continuance would deny counsel for the defendant reasonable
14      time necessary for effective preparation, taking into account the exercise of due diligence;
15 (iii) The request for the exclusion of time is also based on substitution of new counsel, and the
16      government concurs that time is warranted and appropriate for these matters under the
17      circumstances;
18 (iv)  The request for the exclusion of time is reasonable and specifically limited in time until
19      June 12, 2005, after allowing time for reasonable time for investigation and preparation.

20  For the foregoing reasons, the ends of justice served by the granting of such continuance
21 outweigh the best interests of the public and the defendant in a speedy trial, and given that the
22 defense needs reasonable time necessary for effective preparation, taking into account the
23 exercise of due diligence.  18 U.S.C. S 3161(h)(8)(A).

24  This written order memorializes the oral rulings of the Court made on May 8, 2006
25 Dated: May 11, 2006

/s/ Ronald M. Whyte
_____
RONALD M. WHYTE
United States District Judge