KEVIN V. RYAN (CSBN 118321)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5035
FAX: (408) 535-5081

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED - 8/2/06*

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 06-00054-RMW |
| Plaintiff, | [PROPOSED] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| JOSE SOLER, a/k/a antboogie, a/k/a Jas125, Defendants. | |

On July 17, 2006, the above-captioned case came on for a status conference hearing. Defendant Jose Soler, who was not present, was represented by defense attorney Carleen R. Arlidge, who was present. The United States was represented by Assistant U.S. Attorney Mark L. Krotoski.

Defense counsel requested for the first time a mirror image of her client's hard drive for review by a defense expert. Government counsel indicated once the defense provided blank hard drives, copies would be made.

At the hearing, the Court set a status conference for September 25, 2006 at 9:00 a.m.

The parties agreed and the Court independently found that time should be excluded under the Speedy Trial Act from July 17, 2006 until September 25, 2006, to allow defense counsel time to

[] ORDER AFTER HEARING EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT
CR 06-00054 RMW

prepare, pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(iv) (reasonable time necessary for effective preparation taking into account the exercise of due diligence and continuity of counsel).

Specifically, the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial, after considering the relevant factors:

(i) The failure to grant such a continuance in the proceeding would be likely to result in a miscarriage of justice since new defense counsel needs reasonable time to prepare and pursue other investigation, particularly given the request for her expert to review copies of the defendant's hard drive;

(ii) The failure to grant such a continuance would deny counsel for the defendant reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

(iii) The request for the exclusion of time is also based on substitution of new counsel, and the government concurs that time is warranted and appropriate for these matters under the circumstances;

(iv) The request for the exclusion of time is reasonable and specifically limited in time until September 25, 2005, after allowing time for reasonable time for defense counsel to obtain blank hard drives and provide them to the government for copying and to review the copies made and provided.

For the foregoing reasons, the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial, and given that the defense needs reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. S 3161(h)(8)(A).

This written order memorializes the oral rulings of the Court made on July 17, 2006

Dated: August  2 , 2006

                                                 /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge